IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JAMES MICHAEL DURHAM, )<br>    ID # 1192967, )<br>        Petitioner, )<br>vs. )<br>)<br>NATHANIEL QUARTERMAN, Director, )<br>Texas Department of Criminal )<br>Justice, Correctional Institutions Division, )<br>        Respondent. ) | No. 3:06-CV-1915-K (BH)<br>ECF<br>Referred to U.S. Magistrate Judge |

FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

I. BACKGROUND

A. Nature of the Case

Petitioner, an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge a July 23, 2003, conviction for aggravated robbery in Cause No. F03-00259-KU. Respondent is Nathaniel Quarterman, Director of TDCJ-CID.

B. Procedural and Factual History

In February 20, 2003, the State indicted petitioner for aggravated robbery. The indictment alleged that petitioner had used and exhibited a deadly weapon in the commitment of the robbery and that he had two previous felony convictions. (Trial Transcript at 2). After petitioner pled not guilty to the charged offense, on July 23, 2003, he was tried before a jury, found guilty, and sentenced

by the court to twenty-five years of imprisonment. (State Habeas Transcript at 62).

The state appellate court recounted the evidence presented at trial as follows:

> The robbery occurred in the parking lot of a grocery store. According to the complainant, she had parked her car and was reaching for her purse when she saw someone out of the corner of her eye approaching her. When she turned to take a better look, she saw a man standing right at her opened window with a knife. The man put the knife to her shoulder and asked for her money. When she replied that she did not have any, he demanded her purse. She complied and then he took her car keys and cell phone. As he began to walk away, he threw her keys on the hood of her car. The complainant then got out of her car and began to chase him. The complainant caught up with him just as he got into the passenger side of a waiting car and was driven away. Within moments, the police arrived and obtained a description of the robber from her. Six days later, after reviewing a six-picture line-up, she identified Durham as the robber. Durham was subsequently arrested with help from the driver of the "get-away" car.
>
> At trial, the complainant testified that she was able to "get a good look" at the man who robbed her "and had enough time to see what his face looked like, see his bone structure, that sort of [thing]." She then identified Durham in open court as the robber. Subsequently, she testified about the picture line-up and that Durham was the same man she had identified from that line-up. The complainant testified further that she was certain Durham was the man who had robbed her, that she had identified him in open-court based on her observations at the time of the robbery, that she would never forget his face, and that she would have been able to identify him in court even if she had never seen his picture in the line-up. Finally, the complainant testified that the driver of the "get-away" car was a female and that there was a passenger, possibly a black male, in the back seat.
>
> Donna Maxey, the driver of the "get-away" car, testified she drove Durham to the grocery store on the day of the robbery, but did not know he would be committing a robbery. According to Maxey, she dropped Durham off at the front entrance and parked the car. About five minutes later, Durham returned carrying a knife and "something black" in his hand. Behind Durham was a lady screaming that Durham had taken her purse. Durham demanded that Maxey

2

> drive away and Maxey complied, but a few minutes later she "kicked" him out of the car. Three days later, Maxey was arrested on an unrelated charge. She informed the officer at the time about the robbery and gave the officer Durham's driver's license which Durham had left in her car. After being released, Maxey "met up" with Durham and later "turned him in" when the two, riding in a stolen car, were pulled over by a police officer. Inside the car was the knife used in the robbery. Upon questioning by the State, Maxey admitted to several theft, burglary, prostitution, and drug-related convictions and to "being on drugs" the day of the robbery. Maxey also admitted she was currently in jail, but would be released within two days.
>
> Detective Mark Talley testified that he learned the details of the robbery from Maxey and showed the complainant a six-picture line-up containing Durham's driver's license picture. Talley explained he used that picture of Durham because he had no other. Talley also testified that Durham did not match the weight estimate the complainant had provided following the robbery.
>
> Durham's sole witness was Maxey, whom he recalled to establish that she left the car running while waiting for Durham to return from the store and that the back-seat passenger was not a black male, but a white female.

*Durham v. State*, No. 5-03-01381-CR, slip op. at 2-3 (Tex. App.–Dallas, Nov. 2, 2004, no pet.).

In his direct appeal, petitioner challenged certain evidentiary rulings by the trial court, the complainant's in-court identification of him, the sufficiency of the evidence to support the conviction, the enhancement of the sentence, the imposition of a fine, and a recitation in the judgment that he pleaded true to one of the enhancement paragraphs. The Fifth District Court of Appeals affirmed petitioner's conviction in an unpublished opinion. *Id.* On January 4, 2006, petitioner filed a state application for writ of habeas corpus in which he raised, along with additional claims, the same issues he raises in his federal petition. (S.H.Tr.:2-30). The Court of Criminal Appeals denied petitioner's state application without written order on the findings of the trial court without an evidentiary hearing. *Ex parte Durham*, No. WR-64,496-01, slip. op. at 2 (Tex. Crim.

3

App. August 9, 2006).

On October 17, 2006, the Court received an unsigned petition for federal habeas relief; petitioner filed an amended signed petition on or about November 13, 2006. Respondent filed an answer on May 3, 2007, (*see* Answer) and provided the state-court records.

## C. Substantive Issues

Petitioner asserts that: (1) his trial counsel was ineffective in several respects; (2) his appellate counsel was ineffective for failing to appeal the admission of hearsay during trial; (3) there were several instances of prosecutorial misconduct; (4) the trial court erred in its evidentiary rulings; and (5) the evidence was legally and factually insufficient to convict petitioner or enhance petitioner's sentence.

## D. Exhaustion

Respondent states that petitioner has exhausted his state court remedies.

## II. APPLICABLE LAW

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996. Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Because petitioner filed the instant petition after its effective date, the Act applies to his petition.

Title I of AEDPA substantially changed the way federal courts handle habeas corpus actions. Under 28 U.S.C. § 2254(d), as amended by AEDPA, a state prisoner may not obtain relief

> with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the

4

>Supreme Court of the United States; or

>>(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

"In the context of federal habeas proceedings, a resolution (or adjudication) on the merits is a term of art that refers to whether a court's disposition of the case was substantive, as opposed to procedural." *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000). In this case, the denial of petitioner's state writ constitutes an adjudication on the merits. *See Ex parte Thomas*, 953 S.W.2d 286, 288-89 (Tex. Crim. App. 1997) (holding that a denial, rather than a dismissal, signifies an adjudication on the merits). Thus, the AEDPA standards enumerated in 28 U.S.C. § 2254(d) apply.

Section 2254(d)(1) concerns pure questions of law and mixed questions of law and fact. *Martin v. Cain*, 246 F.3d 471, 475 (5th Cir. 2001). A decision is contrary to clearly established federal law, within the meaning of § 2254(d)(1), "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000).

With respect to the "unreasonable application" standard, *Williams* instructs that a writ must issue "if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413; *accord Penry v. Johnson*, 532 U.S. 782, 792 (2001). Likewise under *Williams*, a state court unreasonably applies Supreme Court precedent if it "unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." 529 U.S. at 407. "[A] federal habeas court making the 'un-

reasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 409; *accord Penry*, 532 U.S. at 793.

Section 2254(d)(2) concerns questions of fact. *Moore v. Johnson*, 225 F.3d 495, 501 (5th Cir. 2000). Under § 2254(d)(2), federal courts "give deference to the state court's findings unless they were 'based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.'" *Chambers v. Johnson*, 218 F.3d 360, 363 (5th Cir. 2000). The resolution of factual issues by the state court is presumptively correct and will not be disturbed unless the state prisoner rebuts the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

## III. INEFFECTIVE ASSISTANCE OF COUNSEL

In his first ground for relief, petitioner asserts that he received ineffective assistance of counsel at trial because: 1) counsel failed to interview witnesses or conduct any other investigation; 2) counsel failed to file defensive motions; 3) counsel accepted the State's version of the facts; 4) counsel failed to object to testimony about petitioner being arrested in a stolen car; 5) counsel failed to object to the complainant's in-court identification of petitioner and failed to challenge the pre-trial identification procedure; 6) counsel failed to present evidence that the complainant could not identify the knife as being used in the robbery; and 7) counsel allowed the plea of true to the second enhancement paragraph to stand after the Court withdrew petitioner's guilty plea and failed to object to the Court's finding of true to this paragraph. Petitioner also contends that his appellate counsel provided ineffective assistance of counsel because he failed to raise as a point of error the admission of hearsay testimony at trial.

To successfully state a claim of ineffective assistance of counsel, petitioner must demonstrate (1) that counsel's performance was deficient and (2) that the deficient performance prejudiced his

6

defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). To determine whether counsel's performance is constitutionally deficient courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable assistance." *Strickland*, 466 U.S. at 689. Further, "[t]he reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions." *Id.* at 691. A failure to establish either prong of the *Strickland* test requires a finding that counsel's performance was constitutionally effective. *Id.* at 696.

To establish prejudice, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. The prejudice component of the *Strickland* test "focuses on the question whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair." *Williams v. Taylor*, 529 U.S. 362, 393 n.17 (2000) (citations and internal quotation marks omitted).

**A. State Court Findings**

At the state habeas level, petitioner's trial counsel submitted an affidavit. (S.H.Tr.:57-8). In this affidavit, counsell states that he did not hire an investigator because he did not believe that the case would benefit from the use of an investigator. He further states that he attempted to offer evidence "contrary" to the State's evidence by cross-examining the complainant and Donna Maxey and arguing discrepancies in their testimony, but that he could call no other witnesses as petitioner chose not to testify. He further explains that he did not object to the admissibility of Donna Maxey's testimony because she was an eyewitness to the events, and there was no meritorious objection to her testimony. Finally, counsel states that he did not object to the admission to the knife found in the car petitioner was arrested in because there was no meritorious objection to its admission;

7

petitioner had no standing to object because he did not own the car. (S.H.Tr.:57-8). The trial court found counsel to be a trustworthy individual and found that the statements in his affidavit were worthy of belief. The trial court then concluded that petitioner had failed to meet his burden of proving ineffective assistance of counsel by a preponderance of the evidence under the *Strickland* standard. (S.H.Tr.:53). The Court of Criminal Appeals denied petitioner's state application for writ of habeas corpus on the findings of the trial court. *See Ex parte Durham*, slip op. at 1. This is not an unreasonable application of the *Strickland* standard.

## B. Investigation

Petitioner first contends that his trial counsel was ineffective for failing to interview witnesses or conduct any other investigation. Relatedly, petitioner also claims that his attorney failed to file defensive motions and accepted the State's version of the facts.

Petitioner fails to identify any witnesses who should have been contacted by his attorney or additional investigative measures that should have been conducted. The record reveals that prior to trial, counsel filed a motion for discovery and for inspection of evidence, a request for notice of extraneous offenses, and a motion for a pretrial hearing on the complainant's identification of petitioner as the man who robbed her. (Tr.:23-37). Defense counsel also cross-examined the complainant extensively at trial regarding her identification of petitioner as the robber and her identification of the knife found in the car as the knife used by the robber. (R. 3:35-60). He cross-examined Donna Maxey extensively about her criminal record and possible motives she would have for testifying falsely. (R. 3:102-14). The record also reflects that defense counsel filed several pre-trial motions and strongly challenged the version of facts set forth by the State's two eyewitnesses. Petitioner has not shown ineffective assistance of counsel in this regard.

## C. Objections and Evidence

Petitioner next contends that counsel failed to object to testimony regarding the car petitioner was arrested in having been stolen, failed to object to the complainant's in-court identification of him and the pre-trial identification procedure, and failed to present evidence that the complainant could not identify the knife as being used in the robbery.

The record reflects that during the pretrial identification hearing, defense counsel questioned the officer who conducted the photographic line-up extensively and argued that the photographic line-up tainted any in-court identification because it was unduly suggestive. (R. 3:13-19). In addition, prior to trial, defense counsel objected to the admission of any testimony regarding the fact that petitioner was arrested in a stolen car, but the trial court ruled against defense counsel on these matters. (R. 3:6-8). With regard to petitioner's assertion that defense counsel should have presented evidence that the complainant could not identify the knife used in the robbery, as noted earlier, defense counsel questioned the complainant extensively on this matter. Petitioner has not pointed to any additional testimony on this issue that counsel could have presented at trial. Petitioner has failed to show ineffective assistance of counsel with regard to these claims.

## D. Plea of True

Petitioner also alleges that trial counsel was ineffective for allowing petitioner's plea of true to the second enhancement paragraph and was ineffective for failing to object to the judgment, which reflects pleas of true to both enhancement paragraphs.

The record before this Court indicates that petitioner initially pled guilty to the robbery and true to the two enhancement paragraphs. He subsequently withdrew his guilty plea, but his pleas of true were never withdrawn. (R. 2:7). Nevertheless, at the punishment phase of the trial, two pen

packets were offered into evidence as support for the two enhancement paragraphs. Defense counsel objected to the admission of the pen packet as support for the second enhancement paragraph on the basis that the packet did not indicate that the prior conviction was a felony. (R. 3:189-90; State's Ex. #11, 12). While petitioner is dissatisfied with the fact that the judgment states that he pled guilty to both enhancement paragraphs when he evidently disputes the validity of second paragraph, he has failed to show any prejudice. He has failed to show that had his plea been changed, the trial court would not have found the second paragraph to be true. In that regard, the trial court admitted the pen packets into evidence, as well as an excerpt from the Illinois penal code which indicated that the second enhancement conviction for obstruction of evidence was a felony conviction. (R. 3:190; State's Ex. #13). There was therefore sufficient evidence to support a finding of true to both enhancement paragraphs, regardless of petitioner's plea. Petitioner has not shown that his trial counsel was ineffective.

### E. Appeal

Finally, petitioner contends that appellate counsel was ineffective for failing to raise as a point of error on appeal the claim that inadmissible hearsay was admitted into evidence at trial.

The federal constitution also guarantees a criminal defendant the effective assistance of counsel on appeal. *Evitts v. Lucey*, 469 U.S. 387, 396 (1985). In the context of appeals, the Constitution does not require an appellate attorney to advance every conceivable argument, and it can be effective assistance of counsel on appeal to focus on a few key issues. *Evitts v. Lucey*, 469 U.S. at 394; *Mayo v. Lynaugh*, 882 F.2d 134, 139 (5th Cir. 1989), *modified on other grounds*, 920 F.2d 251 (5th Cir. 1990). Under *Strickland*, Petitioner must show a reasonable probability that, but for his counsel's deficient representation, he would have prevailed on his appeal. *Briseno v. Cockrell*, 274

F.3d 204, 207 (5th Cir. 2001).

Petitioner does not specify what testimony was admitted into evidence that was inadmissible hearsay. Petitioner has therefore not met his burden of proving ineffective assistance of appellate counsel, and he is not entitled to relief based on this claim.

## IV. PROSECUTORIAL MISCONDUCT

In his second ground for relief, petitioner asserts that the State committed misconduct when the prosecutors: 1) commented on petitioner's failure to testify during closing statements by stating that the State's evidence was unrebutted and uncontradicted; 2) made inappropriate and inflammatory comments before the jury and introduced into evidence inadmissible or inflammatory evidence that petitioner was arrested in a stolen car; and 3) tampered with a witness by showing the complainant the knife before she identified it during trial.

The state habeas court found that petitioner had failed to present evidence in support of his prosecutorial misconduct claims and recommended that relief be denied. (R. 3:53). The Court of Criminal Appeals adopted the trial court's findings and recommendation. *Ex parte Durham*, slip op. at 1. This decision is not contrary to federal law. With regard to petitioner's first allegation of prosecutorial misconduct, in *Griffin v. California*, 85 U.S. 609, 615 (1965), the Supreme Court held that the Fifth Amendment, applicable to the states through the Fourteenth Amendment, forbids any comment by the prosecution on an accused's silence and any instruction from the court that the silence is evidence of guilt. Neither the opening and closing statements made by the prosecutors at petitioner's trial reflect any comment that the State's evidence was unrebutted or contradicted. Even if such comments had been made, under Texas law there are four areas of permissible jury argument: 1) summations of the evidence; 2) reasonable inferences or deductions from the evidence;

11

3) responses to opposing counsel's argument; and 4) pleas for law enforcement. *Wilson v. State*, 938 S.W.2d 57, 59 (Tex. Crim. App. 1996). Such comments would be a summation of the evidence, not a comment on petitioner's failure to testify. Petitioner's allegation is without merit.

With regard to petitioner's assertion that the prosecutors engaged in misconduct by offering testimony that the car petitioner was driving when arrested was stolen and commenting on this evidence, this testimony was given by the police officer who saw petitioner enter the stolen vehicle and notified other officers of this fact. (R. 3:67-8). Over defense counsel's objection, this testimony was offered as the officer's probable cause for stopping the car. (R. 3:7-8, 67). During closing statements, one of the prosecutors stated that "[t]wo more days later defendant gets pulled over driving a stolen vehicle." (R. 3:156). No further comment is made about this testimony. Petitioner has presented no case law or statutory law as support for his assertion that placing testimony into evidence that the defense views as objectionable, but was ruled as admissible, is prosecutorial misconduct. Moreover, the State explained that this evidence was background information for the traffic stop, and the trial court accepted this explanation and allowed the testimony into evidence. While petitioner may object to the admission of this evidence, no prosecutorial misconduct in admitting the evidence, or in commenting on it briefly during summation, has been shown.

Finally, petitioner has presented no evidence that the prosecution tampered with a witness by allegedly showing the knife to the complainant prior to her testifying at trial. The presentation of false evidence at trial, as well as the admission into evidence at trial of false evidence that, although not solicited, is not corrected, violates a criminal defendant's due process rights, if the reliability of a given witness may be determinative of guilt or innocence. *Napue v. Illinois*, 360 U.S. 264, 269 (1959). Petitioner has presented no support for his assertion that the complainant's

identification of the knife was false testimony or that, if false, the prosecution knew it was false. Petitioner has not shown that prosecutorial misconduct occurred at his trial, and he is therefore entitled to no relief on the basis of this ground for relief.

## V. TRIAL COURT RULINGS

In his third ground for relief, petitioner asserts that the trial court committed error when it 1) issued a judgment that erroneously states that petitioner pleaded true to the second enhancement paragraph and failed to hold a hearing to prove the enhancement paragraphs were true; 2) erroneously excluded from trial evidence of State's witness Donna Maxey's previous conviction for the unlawful possession of a weapon; 3) permitted the in-court identification of petitioner by the complainant; and 4) permitted the identification at trial by the complainant of a knife as being the one used by the petitioner in the robbery.

On direct appeal, the Fifth District Court of Appeals ruled that the judgment is not erroneous because petitioner did plead guilty to the second enhancement paragraph, and that because petitioner did not raise this issue in his motion for new trial, he waived any complaint about the judgment. *Durham v. State*, slip. op. at 10. The Fifth District Court of Appeals also ruled that, regardless of whether the trial court committed error, any error in declining to admit evidence of Donna Maxey's prior conviction for unlawful carrying of a weapon was harmless because it either had no or only a slight influence on the jury. *Id.* at 4-5. The Fifth District Court of Appeals ruled that the complainant's in-court identification of petitioner as the robber was admissible evidence regardless of whether or not the pre-trial photographic line-up was unduly suggestive because her in-court identification was based on her observations during the robbery and not the line-up. Accordingly, that court ruled that the trial court had not erred in overruling defense counsel's

objection to the in-court identification. *Id.* at 6-7. On state habeas review, the trial court concluded that petitioner had failed to prove that his allegations of trial court error had merit. (S.H.Tr.:54). This conclusions was adopted by the Court of Criminal Appeals. *Ex parte Durham*, slip op. at 1. These rulings are not contrary to clearly established federal law.

Petitioner asserts initially that the trial court erred because its judgment reflects that he pled true to the second enhancement paragraph when he did not, and the court failed to hold a hearing to determine whether or not there was evidence to support findings of true to the enhancement paragraphs. Contrary to petitioner's argument, however, the record of the trial reflects that petitioner did plead true to both enhancement paragraphs. (R. 2:7). The trial court did conduct a punishment hearing during which a stipulation of evidence and pen packets were admitted into evidence as support for the two enhancement paragraphs. (R. 3:188-90). The trial court did not err in this respect.

Petitioner next asserts that the trial court erred in not permitting defense counsel to impeach Donna Maxey with a prior conviction for carrying a concealed weapon. Rule 609(b) of the Texas Rules of Evidence prohibits the use of a conviction for impeachment purposes if the date of the conviction or release from confinement, whichever is later, is more than ten years earlier, unless the trial court determines that the probative value of the conviction substantially outweighs its prejudicial effect. *See* TEX. R. EVID. 609(b). In federal habeas proceedings the court does not sit in review of a state court's interpretation of its own law. *Creel v. Johnson*, 162 F.3d 385, 395 (5th Cir. 1998), *cert. denied*, 526 U.S. 1148 (1999); *Weeks v. Scott*, 55 F.3d 1059, 1063 (5th Cir. 1995). Moreover, in federal habeas actions, a state court's evidentiary rulings will mandate relief only when an error is so extreme that it constitutes a denial of fundamental fairness. *Little v. Johnson*, 162 F.3d

855, 862 (5th Cir. 1998), *cert. denied*, 526 U.S. 1118 (1999); *Andrade v. McCotter*, 805 F.2d 1190, 1193 (5th Cir. 1986).

Petitioner has not shown that the appellate court erred in ruling that any error in excluding this prior conviction was harmless, and petitioner has not shown that, if error, the error is so extreme that it constitutes a denial of fundamental fairness. Donna Maxey testified that she was currently in jail because she had pled guilty in two cases to the unauthorized use of a motor vehicle. She further testified that she was convicted in 1993 and 1994 for possession of a controlled substance, was convicted in 1993 for delivery of a controlled substance, was convicted in 1993 of theft, was convicted in 1995 for burglary of a habitation, was convicted in 1997 of prostitution, and was convicted in 2000 for both possession of and delivery of a controlled substance. (R. 3:92-3). Given the multitude of convictions to which Maxey admitted, petitioner has not shown that a failure to confront her with another conviction led to a denial of fundamental fairness.

Finally, petitioner asserts that the trial court erred in admitting the complainant's in-court identification of petitioner as the robber and Douglas' testimony that the knife retrieved from the car petitioner was arrested in was the knife used in the robbery. Again, this Court does not sit in review of a state court's interpretation of its own law. The Fifth District Court of Appeals ruled that Douglas' in-court identification of petitioner was admissible because her in-court identification was based on her observations during the robbery and not the pre-trial line-up. While petitioner certainly disagrees with the admission into evidence of this testimony, he has presented no support for his assertion that its admission was error under state law, much less that its admission into evidence was a violation of fundamental fairness. Likewise, while petitioner disagrees with Douglas' identification of the knife found in the car as being the knife used in the robbery, petitioner has

15

presented no evidence that its admission was in error or was a violation of fundamental fairness. Petitioner is entitled to no relief on the basis of this ground for relief.

## VI. SUFFICIENCY OF THE EVIDENCE

In his final ground for relief, petitioner asserts that the evidence is factually and legally insufficient to support either his conviction or the enhancement of his sentence. In particular, petitioner asserts that the evidence to support his conviction is insufficient because the pretrial identification procedure used by the police was impermissibly suggestive, the evidence that petitioner was arrested in a stolen vehicle was insufficiently proven, the identification of the knife used in the robbery by the complainant was insufficient, and none of the property recovered from the pawn shop was ever linked to petitioner. Petitioner also complains generally that the evidence to support the two enhancement paragraphs is insufficient.

With regard to petitioner's factual sufficiency arguments, the Fifth Circuit has held that, on federal habeas review, the legal sufficiency standard and not the state-law factual sufficiency standard is used. *See Woods v. Cockrell*, 307 F.3d 353, 357-58 (5th Cir. 2002). In *Jackson v. Virginia*, 443 U.S. 307, 320 (1979), the United States Supreme Court held that the correct standard of review when a state prisoner challenges the sufficiency of the evidence in a federal habeas corpus proceeding is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Moreover, the trier of fact has the responsibility of weighing the evidence, resolving conflicts in testimony, and drawing reasonable inferences from basic facts to ultimate facts. *Id.* The standard of review enunciated in *Jackson* applies to the challenge to the sufficiency of the evidence to support the enhancement convictions. *French v. Estelle*, 692 F.2d 1021, 1024-25 (5th Cir. 1982). The

16

standard also applies whether the evidence is direct or circumstantial. *United States v. Scott*, 159 F.3d 916, 920 (5th Cir. 1998).

On direct appeal, the Fifth District Court of Appeals ruled that the evidence was sufficient to support petitioner's conviction and the enhancement of his sentence. *Durham*, slip op. at 7-10. This decision is not contrary to, or an unreasonable application of, federal law.[1] With respect to his conviction, petitioner in essence questions the reliability of the identification made by the complainant both before and during trial that petitioner was the man who robbed her. Petitioner also questions the identification made by the complainant of the knife used in the robbery. Petitioner also points out that none of the stolen property was ever directly linked to him. However, a federal habeas court should not substitute its view of the evidence for that of the fact-finder. *Alexander v. McCotter*, 775 F.2d 595, 598 (5th Cir. 1985). The jury had before it testimony from both the complainant and Donna Maxey that petitioner was the person who committed the robbery with a knife, and the jury had the responsibility of weighing this testimony and resolving any conflicting testimony. Viewing the testimony presented at trial in the light most favorable to the prosecution, any rational juror could have found the essential elements of aggravated robbery beyond a reasonable doubt.

With respect to the sufficiency of the evidence to support the enhancement paragraphs, as noted earlier, petitioner pled true to the enhancement paragraphs, and these pleas of true were never

---

[1] Respondent alleges in its answer that this claim is procedurally barred because it was denied on an independent and adequate state procedural rule, i.e., that it was not cognizable on a state writ. The findings and conclusions of the state habeas court state only that petitioner's sufficiency of the evidence claim had been raised and rejected on appeal. No conclusion was made that the claim was procedurally barred. (SHTr.:53-54). Respondent also alleges that petitioner did not raise this claim in a petition for discretionary review after his conviction was affirmed on direct appeal. Respondent does not, however, contend that the claim is not exhausted because it was not raised in a PDR. Moreover, this Court may deny an unexhausted claim on its merits under § 2254.

withdrawn. (R. 2:7). Notwithstanding these pleas, there was sufficient evidence presented to support the enhancement paragraphs. Pen packets for both convictions, including fingerprints, were admitted into evidence. (R. 3:189-90, State's Ex. #11, #12). Moreover, the parties signed and entered into evidence a stipulation that the fingerprints in the two pen packets are petitioner's fingerprints. (State's Ex. #10). A copy of the relevant portion of the Illinois Criminal Penal Code was admitted into evidence as evidence that petitioner's prior conviction for obstruction of evidence was a felony conviction. (R. 3:190; State's Ex. #13). Viewed in the light most favorable to the prosecution, there is sufficient evidence that petitioner was, in fact, convicted of these prior offenses as alleged in the indictment. Petitioner is entitled to no relief on the basis of this claim.

## VII. STATE CONSIDERATION OF CLAIMS

Petitioner raised his claims on direct appeal and in his state writ. The Fifth District Court of Appeals affirmed petitioner's conviction on direct appeal, and the Court of Criminal Appeals denied the state writ on the findings of the trial court, and thus petitioner's claims were adjudicated on the merits. The decisions at the state level are consistent with applicable Supreme Court precedent. The decisions involved no unreasonable application of Supreme Court precedent. The adjudication of the claims did not result in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented to the state court. Under applicable Supreme Court standards and the AEDPA standards, petitioner is entitled to no habeas relief on the claims raised in the instant petition.

## VIII. EVIDENTIARY HEARING

Upon review of the petition and answer filed herein and the proceedings held in state court as reflected in the state-court records, an evidentiary hearing appears unnecessary.

## IX. RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge **RECOMMENDS** that the Court **DENY** with prejudice the request for habeas corpus relief brought pursuant to 28 U.S.C. § 2254.

**SIGNED on this 14th day of November, 2008.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE